# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | | |
|---|---|---|
| Time Bank, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| Joshua J. Jeffers, an individual, and 2220 | ) | |
| Northwestern Avenue, LLC, a Wisconsin | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Time Bank ("Time Bank") for its Complaint against Defendants 2220 Northwestern Avenue, LLC ("2220 Northwestern") and Joshua J. Jeffers ("Jeffers") (collectively, "Defendants"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Time Bank is an Illinois corporation whose principal place of business is in Park Ridge, Illinois. Time Bank is the successor-in-interest to Northwest Bank & Trust Company and is the current holder of the loan documents at issue in this matter.

2. Defendant 2220 Northwestern is a Wisconsin limited liability company whose principal place of business is in Milwaukee, Wisconsin. On information and belief, all members of 2220 Northwestern are citizens of Wisconsin.

3. Defendant Jeffers is an individual resident of Wisconsin.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as Time Bank has its principal places of business in a state diverse from that of both Defendants. The amount in controversy exceeds $75,000.

5.      Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Time Bank's claims occurred in this District.

**FACTUAL ALLEGATIONS**

6.      On or about July 8, 2022, Northwest Bank & Trust Company, predecessor-in-interest to Time Bank, extended credit to 2220 Northwestern in the principal amount of $7,623,000.00 (the "Loan") pursuant to a TIF Loan Agreement and related TIF Note (the "TIF Loan Agreement"). A true and correct copy of the TIF Loan Agreement is attached hereto as **Exhibit 1**; a true and correct copy of the TIF Note is attached hereto as **Exhibit 2**.

7.      Jeffers is defined as the "Guarantor" under the TIF Loan Agreement. (Ex. 1 p. 2.)

8.      Under the TIF Note, 2220 Northwestern promised to pay Time Bank the principal amount of the Loan, "together with all interest, any late fees and other fees and expenses then due thereon as provided in the [TIF Loan Agreement]." (Ex. 2 p. 1.)

9.      Pursuant to an Assignment of TIF Payment Rights (the "TIF Assignment") executed that same day, Time Bank was assigned, and granted a first priority security interest in, all "rights, title, and interest of [2220 Northwestern]" to tax increment income from the city of Racine (the "City") generated from a commercial project that was the subject of the Loan. A true and correct copy of the TIF Assignment is attached hereto as **Exhibit 3**.

10.     Contemporaneously with the execution of the TIF Loan Agreement, TIF Note, and TIF Assignment, Jeffers executed a guaranty (the "Guaranty"), pursuant to which he guaranteed the obligations of 2220 Northwestern under the TIF Loan Agreement. A true and correct copy of the Guaranty is attached hereto as **Exhibit 4**.

2

11.     The Guaranty states that Jeffers as Guarantor "*unconditionally, absolutely and irrevocably guaranties as primary obligor* and not merely as surety, to [Time Bank], the *punctual payment and performance when due*, whether at stated maturity *or by acceleration or otherwise*, of the present and future indebtedness under the Note and the Loan Documents." (Ex. 4 § 1(a) (emphasis added).)

12.     As a "present and continuing absolute guaranty of payment and not of collectability," the Guaranty further provides that if 2220 Northwestern fails to satisfy its payment obligations under the TIF Loan Agreement, Jeffers "shall pay such obligations to [Time Bank] in full immediately upon demand." (*Id.* § 1(a)(ii).)

13.     Pursuant to the TIF Loan Agreement, a scheduled principal payment of $882,426.45 (the "Principal Payment") was due to Time Bank on March 1, 2026. (*See* Ex. 1 § 2.4(b); *see also* **Exhibit B** to Ex. 1.)

14.     As of that date, Time Bank only received funds from the City totaling $416,764.53. Therefore, the amount required to satisfy the Principal Payment exceeded the funds received from the City, resulting in a principal shortfall of $465,661.92 (the "Principal Shortfall").

15.     2220 Northwestern was required to pay the Principal Shortfall to Time Bank on or before March 1, 2026. (*See* Ex. 1 § 2.4(b).)

16.     2220 Northwestern failed to pay the Principal Shortfall on or before March 1, 2026, and thereby defaulted under the TIF Loan Agreement and related Loan documents. (*See id.* § 6.1(a).)

17.     Time Bank sent formal written notice of default on April 23, 2026, demanding payment of the Principal Shortfall, plus late fees and collection costs, by April 30, 2026.

18. Despite demand, Defendants failed to pay the Principal Shortfall and applicable fees and costs and remain in default under the TIF Loan Agreement.

19. In the event of default, Time Bank may declare the "entire indebtedness" under the Loan as evidenced by the TIF Note due and payable "and, in such event, such indebtedness and obligations shall become *immediately due and payable*." (*Id.* § 6.2(c) (emphasis added).)

20. In the event of default, the Loan accrues interest at the increased default rate of 8.25%. (*See id.* § 2.3(b).)

21. Also, in the event of default, Time Bank is entitled to recover all its enforcement and collection costs, including attorneys' fees. (*Id.* § 5.3; Ex. 2 § 4; Ex. 4 § 9.)

22. As of the date of the filing of this Complaint, the total principal due and owing on the Loan is $6,284,626.64, which reflects the outstanding principal of $6,671,494.73 minus the $386,868.09 in the borrower's reserve account, but does not include interest, late charges, fees, costs, and expenses, which continue to accrue.

23. The TIF Loan Agreement expressly provides that time is of the essence. (Ex. 1 § 7.2.)

24. All conditions precedent to filing this action have been performed, have occurred, or have been waived.

25. Under the TIF Loan Agreement and the Guaranty, Time Bank may recover against either or both of the Defendants to satisfy the indebtedness. (Ex. 4 § 1(d).)

## COUNT I – BREACH OF CONTRACT
**(TIF Loan Agreement – Against Defendant 2220 Northwestern Avenue, LLC)**

26. Time Bank repeats and realleges the preceding paragraphs for this Count I.

27. The TIF Loan Agreement attached hereto as **Exhibit 1** is a valid and enforceable contract between Time Bank and 2220 Northwestern.

4

28.     Time Bank performed all material obligations required of it under the TIF Loan Agreement.

29.     2220 Northwestern breached the TIF Loan Agreement by failing to pay the Principal Shortfall on or before March 1, 2026, and by failing to satisfy the amounts due after demand by Time Bank.

30.     As a direct and proximate result of 2220 Northwestern's breach, Time Bank has been damaged in an amount of at least $6,284,626.64, plus continuing contractual and default interest, late charges, attorneys' fees, costs, and other recoverable expenses, which continue to accrue.

**WHEREFORE**, Plaintiff Time Bank prays for judgment against Defendant 2220 Northwestern Avenue, LLC in the amount of $6,284,626.64 plus interest, late charges, attorneys' fees, costs, and any other relief this Court deems just and appropriate.

## COUNT II – BREACH OF CONTRACT
### (Guaranty – Against Defendant Joshua J. Jeffers)

31.     Time Bank repeats and realleges the preceding paragraphs for this Count II.

32.     The Guaranty attached hereto as **Exhibit 4** is a valid and enforceable contract between Time Bank and Jeffers.

33.     Time Bank performed all material obligations required of it under the Guaranty.

34.     Pursuant to the Guaranty, Jeffers, as the sole guarantor, absolutely and unconditionally guaranteed full payment and satisfaction of all indebtedness of 2220 Northwestern under the TIF Loan Agreement.

35.     Time Bank made demand for payment on Jeffers under the Guaranty, and Jeffers failed to pay the indebtedness due and owing.

5

36. By failing to pay the indebtedness after default and demand, Jeffers breached the Guaranty.

37. As a direct and proximate result of Jeffers's breach, Time Bank has been damaged in an amount of at least $6,284,626.64, plus continuing contractual and default interest, late charges, attorneys' fees, costs, and other recoverable expenses, which continue to accrue.

**WHEREFORE**, Plaintiff Time Bank prays for judgment against Defendant Joshua J. Jeffers in the amount of $6,284,626.64, plus interest, late charges, attorneys' fees, costs, and any other relief this Court deems just and appropriate.

Dated: May 27, 2026

**TIME BANK**

*/s/* John M. Owen
*One of its Attorneys*

John M. Owen
ARDC Number: 6313666
Peter M. Spingola
ARDC Number: 6243942
Attorneys for Plaintiff Time Bank
**CHAPMAN SPINGOLA, LLP**
190 S. LaSalle Street, Suite 3850
Chicago, IL 60603
Telephone: (312) 630-9202
jowen@chapmanspingola.com
pspingola@chapmanspingola.com
lcross@chapmanspingola.com